# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JANICE WOLK GRENADIER,<br><br>       *Plaintiff*,<br><br>v.<br><br>ANDREW GEORGE McCABE, JAMES BRIEN COMEY, JR., and WILLIAM PELHAM BARR, *et al.*,<br><br>       *Defendants*. | CASE NO. 3:22-cv-00016<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

  This matter is before the Court on Plaintiff's *pro se* "Ethics Amended Complaint," filed against the three Defendants, former Attorney General of the United States, William Barr, former Director of the Federal Bureau of Investigation, James Comey, and former acting Director of the FBI, Andrew McCabe. This matter is before the Court on Defendants' motion to dismiss, and Grenadier's opposition thereto, which she has characterized as a motion to quash.

  Grenadier has a history of filing frivolous suits. The Eastern District of Virginia, recently contending with Grenadier's "considerable history of filling vexatious, harassing, and duplicative lawsuits," issued an order imposing a pre-filing injunction against Grenadier and suspending her *in forma pauperis* privileges, which the Fourth Circuit affirmed, *In re Grenadier*, No. 1:18-mc-10, 2018 WL 3233648, at *8 (E.D. Va. July 2, 2018), *aff'd*, 758 F. App'x 178 (4th Cir. 2019) (unpublished).

  Grenadier filed her initial "Ethics Complaint" in Orange County Circuit Court. Dkt. 1-2. Her complaint was "filed under the provisions of [Virginia Code] § 54.1-3915," and alleged that the defendants committed "unethical conduct" in Virginia, "[i]n the conduct of their business as

lawyers," and that the defendants had "violated the Virginia Code of Professional Conduct" and their oaths of office. *Id.* at 1–2. The relief Grenadier sought was the state court's imposition of "discipline" on them, or alternatively "suspending or revoking their licenses to practice law in the Commonwealth of Virginia." *Id.* at 40.

The United States subsequently filed a notice of removal to this Court, pursuant to 28 U.S.C. § 1442, the federal officer removal statute, as they had been sued by Grenadier "for acts and omissions they allegedly took while acting under the color of office." Dkt. 1 at 2. In the notice of removal, the United States also explained that Grenadier has sued the wrong James Comey. *Id.* at 2 n.2.

After this case was removed, Grenadier filed the operative "Ethics Amended Complaint." Dkt. 5 ("Am. Compl."). Therein, she now sues the correct James Comey who is the former Director of the FBI. Like her earlier complaint, the amended one is filed under Va. Code § 54.1-3915. It also claims that the Defendants committed "unethical conduct" in Virginia in the course of "conducting their business as lawyers," and alleges that they "violated the Virginia Code of Professional Conduct" and their oaths of office, as well as provisions of Department of Justice ethics handbooks. Am. Compl. at 1–2. As in her prior complaint, Grenadier seeks a Court order "imposing discipline" on the Defendants, which should include "revoking financial gain from their employment with the Federal Government." *Id.* at 61. Alternatively, Grenadier requests a Court order "suspending or revoking [Defendants'] licenses to practice law" in Virginia. *Id.*

The Court liberally construes the filings of *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Yet "[p]rinciples requiring generous construction of *pro se* complaints are not … without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). Among other things, "a district court is not required to recognize 'obscure or extravagant claims

2

defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett*, 775 F.2d at 1277).

Grenadier's allegations in her lengthy complaint are scattered and difficult to discern. Among other things, Grenadier alleges that she "reported criminal activity of the Virginia State Bar to the FBI," and emailed Defendants Comey and Barr about allegations regarding: (1) her divorce in 2000 and "collusion of the Executive Branch under [then-Virginia Governor] McAuliffe, the Supreme Court of Virginia and many others," resulting in her being "illegally jailed" on Election Day; (2) an alleged "illegal foreclosure" of property in 1990 to "cover-up" the "theft of funds" from a family trust account; and (3) allegations that she was taken advantage of by a DOJ official under the auspices that he would help her "get Justice." Am. Compl. at 11 (¶¶ 16–17). Grenadier alleges "[t]he FBI and the DOJ" said she "could come in and talk with them," but only about the DOJ official "not the other injustice / hate crimes etc against [her]." *Id.* at 13 (¶ 22). Grenadier alleges that Defendants Comey and McCabe issued a directive in 2014 cracking down on public corruption, but when she "asked about it," Comey "state[d] he knows nothing" about the public corruption directive. *Id.* at 13 (¶¶ 24–25). The amended complaint then includes a dozen pages of nearly inscrutable text alleging perceived "criminal activity" by all branches of Virginia and Federal Government, *id.* at 14 (¶ 31(f)), concerning the "hate crime / divorce," and alleging that an individual plotted to sexually assault Grenadier's children and obtain inappropriate photos of her, *id.* at 15, 17. Grenadier complains that the FBI did not investigate, and DOJ "never did anything." *See, e.g.*, *id.* at 58.

Many of these allegations appear to be the same as those previously at issue in Grenadier's prior cases. *See In re Grenadier*, 2018 WL 3233648, at *5 (reciting Grenadier's

3

description of similar allegations). As of 2018, Grenadier had herself initiated thirty-eight cases, and "none of Grenadier's civil actions have been found to have had merit." *Id.* at *3–4.

"The party invoking the jurisdiction of a federal tribunal bears the burden of establishing standing." *Marshall v. Meadows*, 105 F.3d 904, 906 (4th Cir. 1997) (citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)). Where, as here, a case is at the pleading stage, "the plaintiff must 'clearly … allege facts demonstrating' each element" of the standing inquiry. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). The "irreducible constitutional minimum" of standing requires a plaintiff to have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 338. Concerning the third element of standing, redressability, "no federal court has jurisdiction to enter a judgment unless it provides a remedy that can redress the plaintiff's injury." *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 801 (2021). Because standing is a jurisdictional issue, courts consider standing in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *See, e.g.*, *White Trail Park, Inc. v. Stroube*, 413 F.3d 451, 459 (4th Cir. 2005).

Grenadier's claim must be dismissed for lack of standing, because her "ethics complaint," seeking "suspension" or "revocation" of Defendants' law licenses and other discipline, is not a complaint redressable in this Court. A court in the Eastern District of Virginia recently addressed the same issue, describing Virginia's "statutory and regulatory procedure to discipline lawyers" as follows:

> Disciplinary cases begin when the Virginia State Bar, an agency of the Supreme Court of Virginia, receives a complaint. After the Bar's staff determines that the conduct questioned or alleged presents an issue under the Disciplinary Rules, it investigates the complaint, which proceeds through several preliminary reviews by Bar committees. If appropriate, the Bar eventually issues a 'charge of misconduct,' which proceeds to a hearing. If the case involves possible suspension or revocation

>of the respondent's license to practice, the hearing occurs either before the Bar's Disciplinary Board or, at the option f the charged attorney, before a three-judge circuit court. If the charges are proved, the Bar or the three-judge court can suspend or revoke the respondent's license.

*Spanos v. Vick*, 576 F. Supp. 3d 361, 367 (E.D. Va. 2021) (cleaned up, internal citations and quotation marks omitted). The Court in *Vick* explained, however, that "Virginia law does not authorize disbarment proceedings in any way other than those outlined above." *Id.*

Grenadier in this case, like the plaintiff in *Vick*, has attempted to bring suit pursuant to Virginia Code § 54.1-3915. *See* Am. Compl. at 1 (titled, "Ethics Amended Complaint Filed Under the Provisions of VA CODE § 54.1-3915 …"); *id.* at 4 (alleging there is "jurisdiction for Virginia State Courts" pursuant to Va. Code § 54.1-3915); *id.* at 55 (alleging she has standing because "[a]ny person or entity globally can file a civil Ethics Complaint in Virginia courts against lawyers practicing law in Virginia," citing Va. Code § 54.1-3915). The statutory provision states:

>Notwithstanding the foregoing provisions of this article, the Supreme Court shall not promulgate rules or regulations prescribing a code of ethics governing the professional conduct of attorneys which are inconsistent with any statute; nor shall it promulgate any rule or method of procedure which eliminates the jurisdiction of the courts to deal with the discipline of attorneys. In no case shall an attorney who demands to be tried by a court of competent jurisdiction for the violation of any rule or regulation adopted under this article be tried in any other manner.

Va. Code. § 54.1-3915.

Grenadier, like the plaintiff in *Vick*, "mistakenly contends that § 54.1-3915 allows [her] to have lawyers disbarred." 576 F. Supp. 3d at 367. And as the court in *Vick* clearly explained, Va. Code § 54.1-3915 "does nothing more than preserve the right of a circuit court to discipline attorneys for misconduct in that particular court," but "[a] general debarment—the relief sought by [the plaintiff]—can only occur through the procedures set forth in the Virginia Rules of Court." *Id.* Accordingly, that court continued, "[u]nder Virginia law, citizens only have the

5

power to make a complaint to the Bar, which then prosecutes the matter." *Id.* at 368. Other authority uniformly points to the same conclusion—that while Virginia has "adopted extensive procedures for disciplining, suspending, and disbarring attorneys," "[n]one of these procedures allow for a private individual to institute such an action." *Spanos v. Gibney*, No. 3:22-cv-503, 2022 WL 17067497, at *4 (D. Md. Nov. 17, 2022). Rather, Va. Code § 54.1-3915 "simply protects the authority of a state court to ban an attorney from practicing before that particular court and directs that the Virginia Supreme Court may not usurp that authority." *Id.*

Indeed, the Court of Appeals of Virginia has recently issued a decision to the same effect. *Spanos v. Taylor*, ---S.E.2d---, 2023 WL 2385188, at *5 (Va. Ct. App. Mar. 7, 2023) (holding that "there is no merit to Spanos' attempts to construe [Va.] Code § 54.1-3915 to confer a personal right on an individual to file an ethics complaint in a circuit court, rather than with the Bar"). To be sure, the court continued that "[a]ny citizen, of course, may initiate a legal ethics complaint by alleging, in writing, that an attorney has committed misconduct and filing that complaint with the Bar." *Id.* Because the Court cannot redress Grenadier's asserted injury, and without that "irreducible constitutional minimum" element of redressability, Grenadier has failed to establish standing, *see Vick*, 576 F. Supp. 3d at 368, the Court will therefore dismiss the case.[1]

---

[1] To be sure *Vick* ultimately remanded to state court pursuant to 28 U.S.C. § 1447(c). However, *Vick*'s posture is materially different. The defendant in *Vick* was a former state prosecutor, and unlike the federal defendants in this action did not have an absolute right to removal under 28 U.S.C. § 1442. *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981) ("the right of removal is absolute for conduct performed under color of federal office"). And unlike *Vick*, this Court has subject matter jurisdiction pursuant to § 1442. *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999) ("Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law."). Defendants have raised more than colorable defenses arising from their duty to enforce federal law. Dkt. 9 at 10–12 (asserting defenses of prosecutorial absolute immunity, absolute immunity under the Westfall Act, and qualified immunity for claims of inadequate investigation). Dismissal, not remand, is warranted under these circumstances. *Cf. Hammer v. United States*, 989 F.3d 1, 2–3 (D.C. Cir. 2021) (holding that § 1447(c) "does not

Even if Grenadier had established that she has standing to sue—and she has not—the Court would further conclude that her claim must be dismissed under Rule 12(b)(6) for failure to state a claim, because neither Va. Code § 54.1-3915 nor other provision of Virginia law affords her a private cause of action upon which she can bring her "ethics complaint." *See Vick*, 576 F. Supp. 3d at 367; *Gibney*, 2022 WL 17067497, at *4; *Taylor*, 2023 WL 2385188, at *4. Nor does a violation of the Virginia Rules of Professional Conduct give rise to a private cause of action, nor any of the other federal handbooks or guidebooks Grenadier has cited. *See Nasser v. Waller*, No. 5:16-cv-32, 2017 WL 913816, at *7 (W.D. Va. Mar. 7, 2017) (holding that plaintiff's "claims premised on violations of ethical rules are subject to dismissal because a violation of a rule of professional conduct … does not give rise to a private cause of action"); Va. Sup. Ct. R. Pt. 6, § II, Preamble ("Violation of a Rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached … [The Rules] are not designed to be a basis for civil liability.").

Because the Court concluded that Grenadier has failed to establish standing to bring her ethics complaint, and because she has failed to state a claim as she has no private cause of action to bring such an ethics complaint, the Court will dismiss the case, in an accompanying Order.[2]

The Clerk of Court is directed to send a certified copy of this Memorandum Opinion to all parties.

Entered this __17th__ day of March, 2023.

*Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

require the District Court to remand in this case," when § 1442's removal provision was applicable).

[2] The Court need not consider Defendants' numerous other defenses to the action.

7